IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER. COLORADO

Civil Action No. 09-cv-02944-ZLW

DAVID COOPER,

FEB 2 2 2010

Plaintiff,

GREGORY C. LANGHAM
CLERK

v.

DIRECTOR, OF DEPARTMENT OF CORRECTIONS,
UNKNOWN NAME  REGISTRATION CLERK, of the Receiving and Diagnostic Center
     of 4-29-08, and
COLORADO DEPARTMENT OF CORRECTIONS SPOKE-PERSON, from 1998 to 4-
     10-09,

     Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER AND OBJECTIONS

---

Plaintiff, David Cooper, a state prisoner who is currently in the custody of the

Florida Department of Corrections, filed a *pro se* pleading titled, "Motion to Alter of [sic]

Amend the Judgement," on February 5, 2010.  He also filed a *pro se* pleading titled,

"'Objections' to the Magistrate's Recommendation," on February 5, 2010.  The Court

must construe the pleadings liberally because Mr. Cooper is a *pro se* litigant.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  The pleading titled "Motion to Alter of [sic] Amend the Judgment,"

therefore, will be construed as a Motion to Reconsider and will be denied for the

reasons stated below.  Mr. Cooper's "'Objections' to the Magistrate's

Recommendation," will also be denied for the reasons set forth below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Cooper filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment was entered in the instant action.  The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Cooper fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

On December 16, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and ordered Mr. Cooper to cure certain deficiencies.  Specifically, Mr. Cooper was ordered to submit a certified copy of his prisoner's trust fund statement for the six-month period immediately preceding the filing. Mr. Cooper was warned that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without further notice.  On December 22, 2009, Mr. Cooper filed a Prisoner Complaint and a second Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On January 8, 2010, Mr. Cooper filed a "Motion for Leave to File an Amended Complaint," an Amended Prisoner Complaint, a

2

"Motion to Notify This Court of Miscellaneous Matters," and a copy of his inmate account statement.

On January 25, 2010, the Court dismissed this action because Mr. Cooper failed to submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 Motion, as he is required to do pursuant to § 1915(a)(2), and as is specified on Page Two of the § 1915 Motion and Affidavit form.

In Mr. Cooper's Motion to Reconsider, he first argues that the Court should have warned him that the account statement he submitted on January 8 was not certified, and should also have provided him additional time to cure this deficiency. However, Mr. Cooper was previously warned in Magistrate Judge Boland's December 16 Order that he must submit a certified inmate account statement, and that the action would be dismissed without further notice if he failed to cure this deficiency. Accordingly, the Court finds that Mr. Cooper received sufficient notice regarding the required documentation, but failed, without explanation, to follow the instructions provided by Magistrate Judge Boland. This failure does not provide grounds to justify reconsideration in this case.

Second, Mr. Cooper appears to argue that it is not "normal procedure" for the warden at his institution to provide certified inmate account statements. Motion to Reconsider at 1. However, the § 1915 Motion and Affidavit form requires only that an individual obtain a "certified copy of [his] trust fund account statement (or the institutional equivalent) from the ***appropriate official*** of each penal institution." The § 1915 Motion and Affidavit form does not require that the warden of any institution provide the certification. In addition, the Court never instructed Mr. Cooper that his

3

inmate account statement must be certified by the warden of his facility. Indeed, Mr. Cooper notes that the "inmate banking clerk" normally responds to requests for certified inmate account statements. Motion to Reconsider at 1. Mr. Cooper does not, however, identify any reason why he failed to obtain a certified inmate account statement from the inmate banking clerk. The Court finds that this argument also does not provide grounds to justify reconsideration in this case.

Accordingly, Mr. Cooper has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Cooper has also filed "'Objections' to the Magistrate's Recommendation." Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. Cooper appears to believe that the January 25 Order of Dismissal in his case was signed by Magistrate Judge Boland, and therefore, has submitted additional arguments against this dismissal in the form of objections. He argues, *inter alia*, that he should have been permitted to amend his complaint prior to the dismissal of the action, that he must be held to more liberal standards because he is proceeding *pro se*, that the warden is not required to certify his account statement, and that the January 8 account statement he submitted to the Court was actually properly certified. Objections at 1-2.

As a preliminary matter, the January 25 Order of Dismissal was signed by District Judge Christine M. Arguello, not Magistrate Judge Boyd N. Boland. Therefore, Mr.

4

Cooper's arguments are not properly brought as objections to a recommendation by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).

To the extent Mr. Cooper attempts to assert additional grounds justifying reconsideration, the Court has reviewed the motion and the entire file, and finds that Mr. Cooper again fails to demonstrate that any of the grounds justifying reconsideration exist in his case. The Court has reviewed the inmate account statement submitted on January 8, and can find no evidence that this account statement was certified by the appropriate official at Mr. Cooper's facility. Further, Mr. Cooper was not granted leave to submit an amended complaint because he was first required to cure the deficiencies in his § 1915 Motion and Affidavit, which he failed to do. Finally, the Court has already addressed Mr. Cooper's arguments regarding whether the warden at his facility is required certify his inmate account statement. Accordingly, Mr. Cooper's "'Objections' to the Magistrate's Recommendation" will also be denied.

Mr. Cooper is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion to Alter of [sic] Amend the Judgement," filed on February 5, 2010, is denied. It is

FURTHER ORDERED that the pleading titled "'Objections' to the Magistrate's Recommendation," filed on February 5, 2010, is denied.

DATED at Denver, Colorado, this 19 day of February, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02944-ZLW

David Cooper
Prisoner No.  OBO6034
Charlotte Corr. Institution
33123 Oil Well Rd.
Puenta Gorda, Florida 33955

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   2|22|10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk